CASE 66.—ACTION BY W. H. TIPTON AND OTHERS AGAINST THE CITY OF SHELBYVILLE AND OTHERS.—February 27, 1908.

## Tipton, &c. v. City Shelbyville.

Appeal from Shelby Circuit Court.

From the judgment of dismissal, plaintiff appeals. —Affirmed.

1.  Municipal Corporations—Sewers—Necessity—Council Determination—Conclusiveness.—Under Ky. St. 1903, section 3490, subd. 9, providing that the board of council in cities of the fourth class shall have power within the city to construct and maintain sewers, bridges, and culverts without limitation, except as to the amount of indebtedness that may be incurred a determination of the council of such cities that the construction of sewers is necessary is conclusive on the inhabitants.

2. Same—Constitutional Provisions—Construction—Tax Rate.—
The limit of municipal tax rate fixed by Const., section 157,
is mandatory, and is not modified by sections 158 and 159,
declaring that a municipality of the fourth class shall not
incur an indebtedness exceeding 5 per cent of the taxable
property therein, providing for the issuance of bonds, and
requiring that, whenever any city is authorized to contract
an indebtedness, it shall provide at the same time for the
collection of an annual tax sufficient to pay interest thereon,
and to create a sinking fund.

3. Same.—Const., section 157, prohibits a tax levy by cities of
the fourth class exceeding 75 cents on the $100 other than
for school purposes, and to pay interest on and provide a
sinking fund for the extinction of previous indebtedness. Held,
that where, at an election to determine the question as to
the advisability of issuing $30,000 worth of bonds for sewers,
two-thirds of the electors voted in favor thereof, as required
by Ky. St., 1903, section 3490, subd. 34, in order to authorize
them in an action to restrain the issuance of the bonds, it
would not be assumed, in the absence of an allegation and
proof, that it would require a levy in excess of that permitted
by the Constitution to provide for the payment of the city's
other indebtedness and interest on the bonds and provide a
sinking fund; the city, in any event, being entitled to sell as
many of the bonds as the city might be able to provide for
in connection with other indebtedness, without exceeding the
constitutional tax limit.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Shelby
circuit court dismissing an action brought by appel-
lants, resident qualified voters and taxpayers of the
city of Shelbyville, to enjoin the issual and sale by
the city authorities of $30,000 of bonds, the proceeds
of which are to be applied to the construction of a
system of sewerage in and for that city. The only
complaint made in the petition is that the indebted-
ness imposed upon the city of Shelbyville by the issue
of $30,000 of bonds will exceed the revenue of the
city for each of the years 1907 and 1908. In their

answer to the petition of appellants, the appellees, city of Shelbyville and its officers, set forth the necessity for the construction and maintenance of proper sewerage in and for the city of Shelbyville, the calling and holding of an election for the purpose of .taking the sense of the qualified voters of the city as to whether or not the bonds should be issued and sold in furtherance of that object, the fact that two-thirds of the legal voters of the city voted in favor of the proposition, and such other facts, with respect to the passage of ordinances by the common council of the city, as fully manifested the proceedings looking to the construction of a sewerage system and issual of the bonds for that purpose. Appellants filed a demurrer to the answer, which the circuit court overruled, thereupon appellants refused to plead further, and judgment was then entered approving the action taken by appellees and its officers in the matter of issuing the bonds. Appellants question the correctness of that judgment, and ask its reversal.

Shelbyville is a city of the fourth class, with a population of about 6,000. In view of its size and the fact that it owns an excellant waterworks plant, from which its inhabitants are supplied with good and wholesome water, no doubt can exist as to its need of a good system of sewerage. At any rate, the board of council of the city had the exclusive right to determine whether the construction of sewers for the use of its inhabitants was necessary and that body having by ordinance so declared, its decision of the question is conclusive. Section 3490, subsection 9, Ky. St. 1903, applicable to cities of the fourth class, provides: ''The board of council in addition to other powers herein granted shall have power within the city, to construct and maintain

sewers, bridges, and culverts. * * * '' The only limitation placed upon the powers thus conferred upon the municipal corporation is as to the amount of indebtedness that may be incurred in exercising them. This limitation is expressed in various provisions, both of the Constitution and statutes. Section 157 of the Constitution, after declaring that the tax rate in cities and towns having less than 10,000 population shall not exceed 75 cents on the $100, unless it should be necessary to enable such city or town to pay the interest on or provide a sinking fund for the extinction of indebtedness contracted before the adoption of the present Constitution, provides: ''No county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same.'' A further provision of the Constitution on the same subject is found in section 158, which declares that a municipality of the fourth class shall not be authorized to incur an indebtedness exceeding 5 per centum of the taxable property therein. Ky. St. 1903, section 3490, subsection 34, provides: ''If at any time the board of council shall deem it necessary to incur any indebtedness, the payment of which cannot be met without exceeding the income and revenue provided for the city for that particular year, they shall give notice of an election by the qualified electors to deter-

mine whether such indebtedness shall be incurred.
* * *'' The same section further provides what
the notice shall specify and as to its publication, and
that, if upon the canvass of the vote two-thirds of the
qualified electors voted in favor of incurring the debt,
the board of council shall pass an ordinance   pro-
viding for the mode of its creation and payment, and
shall provide for the levy and collection of an an-
nual tax to pay the interest and principal within a
period of 20 years from the time of contracting the
same. Subsection 26 of section 3490 provides: ''All
bonds issued by any city shall be signed by the mayor
and countersigned by the clerk of the city, with the
seal of the city affixed thereto.''

It appears from the record that all the steps taken
by appellees' board of council to make good the con-
templated issue of bonds conformed to the require-
ments of the law. The necessity for such a sewerage
system as is contemplated, as well as for the issue
and sale of the bonds, was declared in an ordinance
passed by the council, and  ordinances, in proper
terms, providing for the calling and holding of the
election and declaring the result thereof, were duly
passed by the council. These ordinances were duly
published as well as passed. Proper notices of the
time, place and manner of holding the election were
duly given and published, and the proposition voted
on was duly submitted at the election. The election
was legally held at the regular November election,
1907, and the returns properly certified, showing that
more than two-thirds of the qualified electors of the
city voted to incur the indebtedness and issue the
bonds. Indeed, our examination of the record has
failed to disclose that there was an omission on the
part of appellees to comply with any requirement of

the law essential to the validity of the bonds pro-
posed to be issued and sold. Board of Education v.
City of Winchester, 87 S. W. 768, 27 Ky. Law Rep.
994. It also appears from the record that the as-
sessable and taxable value of the property within the
corporate boundaries of the city of Shelbyville is,
and for several years, has been, $2,300,000, and that
the increased indebtedness evidenced by the $30,000
of bonds is, and will be, less than 5 per cent. of the
taxable property of the city, and it is not claimed by
appellants that the increased indebtedness  arising
from the issue and sale of the bonds, together with
the other indebtedness of appellee city, will amount
to 5 per cent. of the taxable property of the city.
So we take it for granted that such indebtedness al-
together will not exceed 5 per cent. of the total tax-
able value of the property within the city.

The record, however, is silent as to whether or not
the annual tax rate to meet the expenses of the city
government and its other indebtedness, the interest
on the $30,000 of bonds to be issued, and the creating
of a sinking fund for their payment as due will ex-
ceed 75 cents on the $100. Under section 157 of the
Constitution no levy can be made in a city of the
fourth class exceeding 75 cents on the $100, other
than for school purposes, or to pay interest on and
to provide a sinking fund for the extinction of an
indebtedness  created  before  the adoption of the
present Constitution. In the absence of allegation
and proof to that effect, we will not assume that, in
order to provide for the payment of its other indebt-
edness, pay the interest on the $30,000 of bonds, and
provide a sinking fund for their payment at maturity,
the city of Shelbyville will have to levy an annual
tax in excess of 75 cents on the $100, but will say

that, if a levy in excess of that rate should be found necessary for the purposes indicated, then the bonds should not be sold, or only so many of them should be sold as the city can provide for in connection with the other indebtedness in the manner stated. This court has more than once held that the limit of tax rate as fixed by section 157 of the Constitution is mandatory and absolute, and to no extent modified by the provisions of sections 158 or 159 of that instrument. Troutman v. Hays, etc., 101 S. W. 976, 31 Ky. Law Rep. 204; Bardwell v. Harlin, 80 S. W. 773, 26 Ky. Law Rep. 101. We do not gather from the record that the bonds in question have actually been sold or delivered by the city of Shelbyville. Upon the record before it the circuit court properly dismissed the action.

Wherefore the judgment is affirmed.