CASE 23.—ACTION BY THE BOARD OF COUNCILMEN OF THE CITY OF FRANKFORT AGAINST MRS. JOHN H. MORGAN TO RECOVER TAXES ON CERTAIN REAL ESTATE.—October 28, 1909.

## Morgan v. City of Frankfort

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Reversed.

1. Taxation—Rate of Taxation—Constitutional Limitations.— As Const. Sec. 157, expressly permits the tax rate, exclusive of the school tax in a city of the third class to exceed 75 cents on $100, if necessary to pay the interest on and provide a sinking fund for an indebtedness contracted before the adoption of the Constitution, where it is neither alleged nor proved that the tax the collection of which is resisted, was not levied in part, or at least to the excess over 75 cents and the school tax, to pay the interest on, and provide a sinking fund for, an indebtedness contracted before the adoption of the Constitution, the presumption will not be indulged that the Constitution has been violated.

2. Taxation—Taxes Barred by Limitation—Recovery.—Where, in an action for taxes, those for certain years were admittedly barred by limitation, it was an error to include them in the judgment.

Morgan v. City of Frankfort.

1. By Section 157 Constitution the tax rate is fixed by the number of population and where it is less than 10,000 the rate is 75 cents on the $100. By population is meant an enumeration of the inhabitants, or persons who dwell permanently in such city. An enumeration that includes the convicts in the state penitentiary, the inmates of the school for feeble minded children and state officials and their families, is too large. Such persons should not be included. Am. & Eng. Ency., 2nd Ed. Vol. 16, page 328.

2. The court takes judicial notice of the Federal census as well as of census taken by authority of law. Am. & Eng. Ency., Vol. 17, page 898; Zimmerman v. Brooks, 118 Ky.. 85; O'Bryan v. Owensboro, 113 Ky., 680.

3. Where the petition was filed Jan 9th, 1903, and no summons issued thereon till Dec. 6th, 1906, taxes assessed Jan. 10th, 1897, 1898, 1900, and 1901 are barred by limitation of five years from assessment. Butts v. Turner & Lacy, 5 Bush, 435; Trabue v. Sayre, 1 Bush, 129; R. R. v. Smith, 87 Ky.. 501; Louisville v. Maglemary, 107 Ky., 124; Blackburn v. Louisville, 21 R.

The lien for taxes in cities of the third class runs five years from date of assessment. Sec. 3375 Ky. Stat.

WM. CROMWELL for appellee.

### AUTHORITIES CITED.

O'Bryan, Clerk v. City Owensboro, 24 Ky. L. R., 471; Ky. Statutes, Secs. 3364 and 3400.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is the second appeal in this case. The action was brought to recover in behalf of the city of Frankfort taxes alleged to be owing it by appellants on certain real estate for the years 1897 to 1905, inclusive, the payment of which the latter are resisting. On the first appeal this court, among other things, decided that the creation, assessment, and levy of the tax by the city of Frankfort must be presumed to be legal and correct, and that the burden of proving its illegality, if any, is upon the appellees. Board of Councilmen v. Morgan, 33 Ky. Law Rep. 297, 110 S. W. 286.

Various objections are made by appellees to the right of the city to collect the tax sued for, the principal one being that the levy for each year, exclusive of so much thereof as is to be applied to school purposes, is in excess of the limit fixed by section 157, state Constitution. In other words, that the rate of taxation adopted by the city in the levy of the taxes for which judgment is sought is greater than can be levied by a city of less than 10,000 population, and that the population of Frankfort is less than 10,000. Section 157 of the Constitution is as follows: "The tax rate of cities, towns, counties, taxing districts, and other municipalities, for other than school purposes, shall not at any time exceed the following rates upon the value of taxable property therein, viz.: For all towns or cities having a population of 15,000 or more, one dollar and fifty cents on the hundred dollars; for all towns or cities having less than 15,000, and not less than 10,000, one dollar on the hundred dollars; for all towns or cities having less than 10,000, seventy-five cents on the one hundred dollars, and for counties and taxing districts fifty cents on the $100.00; unless it should be necessary to enable such city, town, county or taxing district to pay the interest on, and provide a sinking fund for the indebtedness contracted before the adoption of the Constitution. * * *" Frankfort, by act of the Legislature, has been declared a city of the third class; and, while it may be true that its population is less than 10,000, and its tax rate for the years it is attempting to collect taxes of appellants was, exclusive of the tax for school purposes, in excess of 75 cents on the $100, it nevertheless had the right to exceed that rate, if the tax imposed was necessary to enable it to pay the interest on, and to provide a sinking fund for, an indebtedness contracted

by the municipality before the adoption of the present Constitution, for section 157 of that instrument expressly confers such right. It is not alleged in appellant's answer or either amendment thereto, nor does it appear from the evidence, that the tax, the collection of which is resisted, for any of the years claimed was not levied in part, or at least to the extent of the excess over 75 cents and the school tax, for the purpose of paying the interest on and providing a sinking fund to liquidate an indebtedness contracted by the appellee city before the adoption of the Constitution. In the absence of such an allegation and proof we will not indulge the presumption that the Constitution has been violated.

This conclusion makes it unnecessary for us to consider the grounds relied on by appellants to defeat the tax.

It appears, however, that the judgment of the circuit court improperly includes in the recovery the tax for the years 1897, 1898, 1899, 1900, and 1901. As the tax for each of these years was admittedly barred by the statute of limitations, it was error to include them in the judgment.

For this error alone the judgment is reversed, and cause remanded, that the court may enter a judgment to conform to this opinion.