## Iglehart v. City of Dawson Springs.

(Decided April 14, 1911.)

### Appeal from Hopkins Circuit Court.

1. Ordinances—Construction of Sewers—Bonds—Provision as to Payment of Interest—Subsequent Ordinances.—While the initial ordinance providing for an election to vote an issue of bonds to construct a system of sewers did not provide for raising annually by taxation an amount necessary to pay the interest on the bonds and provide a sinking fund to retire them at maturity, the adoption of such an ordinance subsequent to the election and before the issue of the bonds was a substantial compliance with the law.

2. Same—Vote Necessary Upon Question of Incurring Indebtedness.—
This Court has repeatedly held that the meaning of Section 157 of
the Constitution is that the assent of two-thirds of the electors
whose votes are cast on the question of incurring an indebtedness
is all that is necessary.

3. Notice—Publication of Ordinance.—The publication of the ordi-
nance having been made before the bonds were issued, the statute
was substantially complied with, and it is not material that the
last ordinance had not been published before the action was com-
menced to determine the validity of the election and the bond issue
under it.

YOST & LAFFOON for appellant.

C. J. WADDILL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.

Appellant, a resident citizen and taxpayer of the ap-
pellee, City of Dawson Springs, sought in this action to
prevent by injunction the issuance and sale by the city
of $10,000.00 of bonds for the construction and mainte-
nance of sewers within its corporate limits. Appellee
filed a demurrer to the petition which the circuit court
sustained, and appellant having failed to plead further
the petition was dismissed. Appellant complains of the
judgment manifesting these rulings and by this appeal
seeks its reversal.

It appears from the petition that Dawson Springs is
a city of the fifth class and that the question of whether
the indebtedness of $10,000.00 should be incurred by it
for constructing sewers and bonds to that amount issued,
was by an ordinance duly adopted by the city council and
published notice submitted to the decision of the qualified
voters of the city at an election held November 8, 1910;
and that 161 votes were then cast in favor of the proposi-
tion to incur the indebtedness and issue the bonds and
69 votes against it. Thereafter the bonds were duly
issued and appellee was preparing to sell them when re-
strained by the temporary injunction obtained by appel-
lant.

The bonds are to become due in twenty years, but
may be redeemed in five years by appellee. It is insisted
for appellant that the election was illegally held and that
the bonds are invalid for the following reasons: 1st, Be-
cause the ordinance ordering the election did not, as re-
quired by section 3637, sub-section 3, Kentucky Statutes,
provide that the notice of election specify "the amount of
of money necessary to be raised annually by taxation for
the creation of a sinking fund to pay said indebtedness"

and interest on the bonds;'' 2nd, That two-thirds of all, the qualified voters of the appellee city did not vote for the incurring of the indebtedness and issue of the bonds; 3rd, That the last ordinance which provides for raising annually by taxation a sum sufficient to pay the interest on the bonds and create a sinking fund for their redemption, had not been published when appellants's action was instituted.

It is true that the initial ordinance referred to did not, as would have been proper, provide for raising annually by taxation an amount necessary to pay the interest on the bonds and provide a sinking fund to retire them at maturity, but it is not alleged that the notice of the election did not specify the amount necessary to be raised annually by taxation for the purposes mentioned, and in the absence of such àn allegation we will not assume that the notice was deficient in the respect referred to.  Tipton v. City of Shelbyville, 139 Ky. 541; Morgan v. City of Frankfort, 135 Ky. 178.  It appears from the averments of the petition and the copy of the ordinance filed therewith, that subsequent to the election and before the issuance of the bonds appellee's city council duly adopted an ordinance providing for the levy of an annual tax of 50 cents on each $100.00 worth of taxable property in the city for the purpose of paying the semi-annual interest to become due on the bonds and creating a sinking fund for retiring them at maturity, and while this provision should have been embraced in the initial ordinance, we think the fact of its having been done by the last ordinance was a substantial compliance with the law.

In O'Bryan v. City of Owensboro, 113 Ky. 680, a vote had been taken upon the question of whether bonds should be issued by that city, but the ordinance providing an annual tax for the payment of the interest and the creation of a sinking fund for the ultimate extinction of the debt, was not adopted by the city council until after he election; and we held in that case that the adoption of the ordinance subsequent to the election was sufficient, inasmuch as section 159 of the Constitution under which the city derived the power to hold the election and issue the bonds was self executing, and therefore the legislative authority conferred by section 3637, sub-section 3, of the statute, *supra*, was unnecessary.

The second contention of appellant is without force. We have repeatedly held that the meaning of section 157 of the Constitution is that the assent of two-thirds of

the electors whose votes are cast on the question of incurring indebtedness, is all that is necessary; and it is conceded in this case that the election carried by a vote of more than two-thirds of the electors whose votes were cast on the question of incurring the indebtedness. Render v. City of Louisville, et al., 142 Ky., 409; (Advance Sheets March 2, 1911.) Board of Education of Winchester v. City of Winchester, 120 Ky., 584; Montgomery County v. Trimble, 104 Ky., 629; Tipton v. City of Shelbyvile, 139 Ky., 541.

Appellant's third contention is likewise untenable. It is true that the last ordinance had not been published as required by law when appellant's action was instituted, but it is conceded that it was shortly thereafter and in due course published in the manner provided by the statute, and that its publication was made before the bonds were issued. The ordinance was, therefore, published in substantial compliance with the statute.

The record presenting no reason for our holding the election or bonds invalid, the judgment is affirmed.