## Skidmore, et al. v. C. W. Raymond Co.

(Decided June 16, 1911.)

## Appeal from Powell Circuit Court.

Appeal—Insufficiency of Record—Quashing of Summons—Where, in a suit against a foreign corporation, the summons is quashed on the ground that the person on whom it was served was not a chief officer or agent of the corporation within the meaning of the Code, the record brought to this court should show either by order of court, or by bill of exceptions that it contains all the affidavits, or other evidence heard upon the motion to quash. In the absence of such a showing, it will be presumed that the evidence heard was sufficient to justify the conclusion reached by the court.

C. F. SPENCER for appellants.

SHELBY & SHELBY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, C. B. Skidmore and Millard Skidmore, brought this action against appellee, C. W. Raymond Company, a corporation with its principal place of business in Dayton, Ohio, to recover damages for fraud and deceit alleged to have been practiced upon them by appellee in connection with the sale of certain machinery for making bricks and tiling. Upon the filing of the petition summons was issued and returned as follows: "Executed by delivering a true copy of the within summons to M. B. Currie, Jr., the defendant's chief officer and agent found in Powell County, Kentucky, this 28th day of February, 1910. (Signed) George Stephens, Jailer, P. C." Appellee, without entering its appearance, moved the court to quash and set aside the service of summons and return thereon, on the ground that the agent upon whom process was served was not a chief officer or agent within the meaning of the Code. This motion was sustained, and the appellants having declined to ask for, or take further process, and announcing that they could obtain no other service, their petition was dismissed; hence this appeal.

In the record before us certain affidavits are copied, but they are not made a part of the record by order of

court or bill of exceptions; nor does the record show that the affidavits therein copied are all the affidavits that were read upon the hearing of the motion to quash, or that no other evidence was heard or considered by the court.

Where a question depending upon facts is brought before this court for review, the record itself should show that it contains all the evidence that was heard upon the motion. This can be done either by order of court or by bill of exceptions. The record before us fails to comply with this requirement. In the absence of such a showing, we must presume that the evidence adduced on the hearing of the motion was sufficient to justify the conclusion reached by the court. (Layton v. Weed Southern Machine Co., 4 Ky. Law Rep., 263; Louisville & Nashville R. R. Co. v. Mazzone, 9 Ky. Law Rep., 151; Johnson v. Postal Telegraph & Cable Co., 20 Ky. Law Rep., 1821; Runyon v. Burchett, 135 Ky., 180.)

Judgment affirmed.