The judgment is affirmed.

All concur.

Ed REA, Gallatin County Judge, et al., Appellants,

v.

The GALLATIN COUNTY FISCAL COURT, Dave McGill, State Local Finance Officer of the Department of Finance, and Felix Joyner, Commissioner of the Department of Finance, Appellees.

Court of Appeals of Kentucky.

Dec. 8, 1967.

John G. Wright, Warsaw, for appellants.

Robert Matthews, Atty. Gen., Henri L. Mangeot, Deputy Atty. Gen., William S. Riley, Asst. Atty. Gen., Hunter B. Whitesell, Charles D. Wickliffe, Attys., Dept. of Finance, Frankfort, for appellees.

STEINFELD, Judge.

Appellants, Ed Rea as the County Judge, John G. Wright as County Attorney and J. B. Kinney as Citizen Member [1] comprise the County Budget Commission of Gallatin County. KRS 68.230. To obtain a declaration of rights they sued the Gallatin County Fiscal Court, the State Local Finance Officer of the Department of Finance and the Commissioner, Department of Finance of the Commonwealth of Kentucky, who are the appellees. CR 57. Appellants contended that KRS 68.245 enacted as a part of House Bill No. 1 of the 1965 Extraordinary Session of the General Assembly violates Section 157 of the Constitution of Kentucky and that if it is not unconstitutional it did not restrict the Fiscal Court. From a judgment adverse to those claims this appeal is prosecuted. We affirm.

The pleadings raised only the issue "That Section 157 of the Kentucky Constitution of 1891, provides the limit of *ad valorem* taxes which a county [2] may levy, and this limitation is one addressed to the General Assembly as well as the Fiscal Court; * * * That * * * House Bill No. 1 violates the said Section 157 * * *".

Section 157 reads in part:

"The tax rate of cities, towns, counties, taxing districts and other municipalities, for other than school purposes, shall not, at any time, exceed the following rates upon the value of the taxable property therein, viz.: * * *; and for counties and taxing districts, fifty cents (50¢) on the hundred dollars ($100.00) * * *".

In Russman v. Luckett, Ky., 391 S.W.2d 694 (1965) and companion cases, we held that Section 172 of the Constitution required that property be assessed for tax purposes at its fair cash value. The 1965 Extraordinary Session of the General Assembly enacted House Bill No. 1 (Chapter 2, Acts of the First Extraordinary Session of 1965). KRS 68.245. A purpose was to adjust property tax revenue of local governments to avoid inequities which might have resulted from the full assessments of property.

1. Mr. Kinney died while this appeal was pending. By agreement of all parties this matter has been concluded without substitution of his successor, not yet appointed.

2. No unit of government except a county is involved in this litigation.

We quote the parts of KRS 68.245 about which this controversy arises:

"(1) Notwithstanding any statutory provisions to the contrary, no county budget commission shall submit a budget which would require more revenue from local ad valorem taxes than would be produced by application of the preceding year's rate to the preceding year's assessment, exclusive of voted levies and net assessment growth, except as provided in subsection (3) of this section.

"(3) Notwithstanding the limitations contained in subsection (1) of this section any county budget commission which, in preparing the proposed budget, deems that it will require an amount of revenue from ad valorem taxes greater than that permitted in subsection (1) may submit to the levying authority for the tax years 1966 and 1967 a budget which could require an increase in such revenue of not more than ten percent after compliance with the following:"

Then follow provisions concerning notice through newspaper and other advertising and a hearing to be conducted by the budget commission.

The appellants, budget commission, take the position that this act attempts to fix a tax rate below the maximum provided for in Section 157 of the Constitution, therefore, it is invalid. They say that "There has never been a House Bill No. 1 before" and that the maximum rates fixed in Section 157 "* * * are limitations; * * * they are limitations upon the Legislature, as well as upon the local taxing districts, and the constitutional, rather than the legislative limitations, must prevail." City of Winchester v. Nelson, et al., 175 Ky. 63, 193 S.W. 1040 (1917). They also cite Fiscal Court of Estill County v. Debt Commission of Kentucky, et al., 286 Ky. 114, 149 S.W.2d 735 (1941) and Fox v. Boyle County, et al., 245 Ky. 27, 53 S.W.2d 192 (1932).

Appellees respond that while these cases "do contain some unfortunate and highly inaccurate dicta", they do not support appellants' argument. They say that in the Winchester and Estill cases the court was discussing indebtedness and not tax rates, and that in Boyle the issue was the validity of an act which required that cities, counties and taxing districts make provisions in bond issues for the payment of a portion of the bonds on an annual basis. They assert that no case cited by appellants involved the right of the General Assembly to fix a maximum tax rate below that stated in Section 157.

The appellees argue that disposition of the question before us also involves Section 181 of the Kentucky Constitution, which in part reads:

"The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes."

They also rely on Sections 158 and 159. Their argument is that Section 157 sets an absolute maximum on tax rates (except such levy that may be necessary to pay an indebtedness voted by the people), that Section 158 places an absolute maximum limitation on the amount of indebtedness a local government unit may incur, and Section 159 requires that provision be made for the levy of an annual tax sufficient to retire an incurred indebtedness.

Appellees say that whatever authority a county, city or other municipal authority may be given to levy and collect a tax arises from Section 181. They cite City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248 (1948), in which we said that a municipality's power to tax is only that which the legislature has granted it. They rely on George Wiedemann Brewing Co. v. City of Newport, Ky., 321 S.W.2d 404 (1959), in which we wrote that Section 181 "does not of itself grant any taxing power to cities, but only authorizes the General Assembly to delegate taxing power 'by general laws'." They cite Dyche v. City of

London, Ky., 288 S.W.2d 648 (1956). "This court has more than once held that the limit of tax rate as fixed by section 157 of the Constitution is mandatory and absolute, and to no extent modified by the provisions of sections 158 or 159 of that instrument." Tipton v. City of Shelbyville, 139 Ky. 541, 107 S.W. 810 (1908).

In Fox, et al. v. Board for Louisville & Jefferson County Children's Home, 244 Ky. 1, 50 S.W.2d 67 (1932), we said:

"The power of the county to levy and collect taxes for both municipal and purely governmental purposes must come from the state. The state may at its pleasure withhold from the county or grant to it the authority to levy taxes for such governmental purposes, or exercise such power itself. The county derives all of its powers and assumes all of its burdens by virtue of legislative enactment, except those conferred or imposed by the Constitution."

Section 181 states that the General Assembly *"may * * * confer"* on the local authorities the power to tax. We consider it significant that almost contemporaneously with the adoption of the present Constitution the General Assembly authorized cities and fiscal courts to levy taxes and impose restrictions. KRS 68.090. Paducah Automotive Trades Assn., et al. v. City of Paducah, 307 Ky. 524, 211 S.W.2d 660 (1948). McInerney, Sheriff v. Huelefeld, 116 Ky. 28, 75 S.W. 237 (1903). In Mayfield Woolen Mills, et al. v. City of Mayfield, et al., 111 Ky. 172, 61 S.W. 43 (1901) we said: "The legislature, which gives and recalls, at pleasure, the power to tax, may do so, but not the courts." We find nothing to convince us that a limitation may not be imposed when the authority to tax is granted. Barrow, et al. v. Bradley, Mayor, et al., 190 Ky. 480, 227 S.W. 1016 (1921); Henry, et al. v. Parrish, et al., 307 Ky. 559, 211 S.W. 2d 418 (1948); Parsons v. Arnold, 235 Ky. 600, 31 S.W.2d 928 (1930).

While the rule that legislative power may not be delegated has been relaxed in favor of political subdivisions created for the purpose of local government, the "strict construction" concept applies and such delegation is to be construed to be no greater than clearly appears. Russell County v. Hill, 164 Ky. 360, 175 S. W. 988 (1915). In Commonwealth v. Citizens' Nat'l Bank, 117 Ky. 946, 80 S.W. 158, 25 Ky.Law Rep. 2100 (1904) we said:

"Taxes levied by counties, cities, towns, and taxing districts are imposed by authority of the state. Counties are but subdivisions of the state, created for governmental purposes. They derive their authority from the state, and can levy no taxes except such as the state authorizes them to levy. They levy taxes by authority of the state, and the levies they make are as fully the act of the state as those made by the Legislature itself. The only difference is that the Legislature, under the power vested in it, instead of levying these taxes itself, authorizes local legislative bodies better adapted to understand the local necessities to make the levies as the local exigencies require. This power of the Legislature, which is universally exercised, is recognized in sections 157, 158, 159, and 180 of the Constitution, and is in words conferred on the Legislature by section 181: 'The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may by general laws confer on the proper authorities thereof respectively the power to assess and collect such taxes.' Unquestionably, the state, in the distribution of the powers of the government, may commit to one body the power to levy certain taxes, and to another the power to levy others; but when it does this all the taxes so levied are levied by the authority of the state."

Also see Brown, et al. v. Holland, et al., 97 Ky. 249, 30 S.W. 629, 17 Ky.Law Rep. 149 (1895). Construing Section 157 and Sec-

tion 181 together, as they must be, we hold that KRS 68.245 does not violate these sections.

■ Another contention of appellants is that "if House Bill No. 1 limits the budget commission" it did not limit the fiscal court. They rely on the provisions of KRS 68.090 and 68.260, but admit that at the time they filed the complaint they had overlooked these provisions. They say they called these statutes to the attention of the trial court but there is nothing in the record to so indicate. The complaint raised the one point—the restriction allegedly imposed by Section 157. The general rule that matters not raised below may not originally be raised in this court does not apply here. In a declaratory judgment action we are not "confined to errors alleged or apparent in the record." KRS 418.065. We hold that the intent of the act in question is clear. House Bill No. 1, above referred to, in Part III Section 8 (7)(c) [KRS 68.245(2) (c)] provided:

> "(c)   The sum of the amounts computed under subsections (a) and (b) of this subsection shall be the maximum permissible local ad valorem tax revenue for purposes of subsection (1) of this section, except as otherwise therein prescribed."

The meaning is clear that it limited the power to tax, therefore, it is unnecessary to consider further this additional contention or the argument that the Budget Commission and not the Fiscal Court determines the amount of tax needed for county purposes. We do not pass upon any constitutional questions not directly raised in this case.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, and MONTGOMERY, JJ., concur.