CITY OF ASHLAND, Kentucky, a Municipal Corporation, Appellant,

v.

James J. WEBB, Appellee.

Court of Appeals of Kentucky.

June 18, 1971.

Rehearing Denied Oct. 8, 1971.

A. W. Mann, Arthur T. Bryson, Jr., Ashland, for appellant.

Eldon L. Webb, Ashland, for appellee.

CULLEN, Commissioner.

The City of Ashland adopted an ordinance in 1969 levying a city property tax rate in excess of the limits authorized for city taxes by the "Roll-Back" law of 1965. Chapter 2 of the Acts of the First Extraordinary Session of 1965; KRS 132.027. A taxpayer, in this suit against the city, obtained a judgment declaring the ordinance invalid to the extent of such excess. The city has appealed.

The city maintains that the "Roll-Back" law is unconstitutional, as applied to cities, on two grounds.

The first asserted ground of unconstitutionality is that the legislature has no power to fix city tax rate limits below the maximums specified in Section 157 of the Kentucky Constitution. A similar argument as to *county* tax rate limits was rejected by this court in Rea v. Gallatin County Fiscal Court, Ky., 422 S.W.2d 134. We think the rationale of that case is controlling here, wherefore we hold that the legislature does have the power to fix city tax rate limits below the maximums specified in Section 157.

The second asserted ground of unconstitutionality is that the "Roll-Back" law discriminates against cities in that *counties*, under KRS 68.245, are allowed the benefit of "net assessment growth" as defined in KRS 132.425 (roughly, new property added to the tax rolls) whereas cities are not allowed that benefit. We are not entirely convinced that cities are denied the benefit of net assessment growth (since KRS 132.027 as to cities limits the *tax rate* whereas KRS 68.245 as to counties limits the *budget*), but in any event we are not cited to, or aware of, any constitutional provision that requires cities to be treated the same as counties as far as concerns the extent of their tax-levying powers.

The judgment is affirmed.

All concur.