RENDERED:  APRIL 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1421-MR

WILLIAM YEAGLE                                                          APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 23-CI-00528

COOKIE CREWS; KENTUCKY
DEPARTMENT OF CORRECTIONS;
AND OFFENDER INFORMATION
SERVICE BRANCH                                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, A. JONES, AND TAYLOR, JUDGES.

CALDWELL, JUDGE:  William Yeagle appeals from an order of the Franklin

Circuit Court denying his petition for declaration of rights, arguing the date of his

parole eligibility has been incorrectly calculated.  We affirm.

Yeagle is currently an inmate at the Eastern Kentucky Correctional

Complex.  He was convicted on April 27, 2004, in Daviess Circuit Court for a

single count of Receiving Stolen Property and received a one (1) year and six (6) month sentence. At the time of his conviction, Davis had been in pretrial detention since the prior October. On July 14, 2004, Yeagle was convicted in McLean Circuit Court of one count of Manufacturing Methamphetamine, and received a ten (10) year sentence, as well as one count of Knowingly Possessing Anhydrous Ammonia with Intent to Manufacture Methamphetamine, for which he received another ten (10) year sentence, which were to run concurrently with each other and the prior indictment.

Subsequently, on January 12, 2007, Yeagle was convicted of a single count of Murder in Daviess Circuit Court. He received a forty (40) year sentence which was designated to run consecutively with all other indictments. Appellees (hereinafter "DOC") calculated Yeagle's parole eligibility date as January 2027. Yeagle filed a Petition for Declaration of Rights on June 5, 2023, alleging that he should be eligible for parole in October 2023. The DOC filed a Response and Motion to Dismiss. An order dismissing Yeagle's Petition was entered on November 27, 2023. This appeal follows.

While unmentioned in the parties' briefs or in the circuit court's order dismissing, a review of our unpublished case law reveals Yeagle has previously appealed to this Court following dismissal of a petition for a declaration of rights alleging a miscalculation of the very same parole eligibility date as here. *See*

*Yeagle v. Commonwealth*, No. 2018-CA-000921-MR, 2019 WL 1873027, at \*1 (Ky. App. Apr. 26, 2019) (unpublished). That appeal occurred after "Yeagle disagreed with DOC's calculation of his parole and sought a declaratory judgment in Franklin Circuit Court, arguing DOC should have used his original incarceration date . . . when calculating his parole." *Id.* at \*1. It appears that Yeagle then presented to this Court much, if not the very same, argument he now presents again. *Id.*

Our Supreme Court has found, even in the context of challenges regarding implementation of the death penalty, "*res judicata* will apply full force to bar successive declaratory judgment actions." *Bowling vs. Kentucky Dep't of Corrections*, 301 S.W.3d 478, 485 (Ky. 2009). This was the case even despite subsequent declaratory judgment action(s) presenting a distinct claim which had not been pursued in the party's prior declaratory judgment action. *Id.* at 485. Here, there is no indication of even a new argument, or any other significant distinction to be made, between Yeagle's successive declaratory judgment actions.

It does not appear that either the DOC or the trial court raised the issue of Yeagle's successive petition for a declaration of rights being barred by the principle of *res judicata*. Nevertheless, courts are not precluded from raising the issue of *res judicata* or its related doctrines *sua sponte* in a declaratory judgment

action. *See Bowling*, 301 S.W.3d at 485 (citing KRS[1] 418.065). As pointed out by the *Bowling* Court, KRS 418.065 provides that appellate courts "shall not be confined to errors alleged or apparent in the record" when reviewing an appeal on a declaratory judgment action. It gives appellate courts discretion "to apply controlling law regardless of whether it has been raised by the litigants or addressed by the trial court in a declaratory judgment action." *Bowling*, 301 S.W.3d at 485-86 (citing *Rea v. Gallatin County Fiscal Court*, 422 S.W.2d 134 (Ky. 1967)).

In ruling upon Yeagle's most recent petition for a declaration of rights, the trial court found in part, (as did this Court when previously considering the same allegation of miscalculation by Yeagle), that the DOC was correct in its calculation of the parole eligibility date. As we likewise detect no miscalculation by the DOC in the parole eligibility date, further scrutiny into the manner of calculating this date is unnecessary. We may affirm a trial court for any reason sustainable in the record. *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991).

## CONCLUSION

Having reviewed the briefs of the parties along with the record and applicable law, no error occurred which required reversal or remand of the trial

---

[1] Kentucky Revised Statutes.

court's dismissal of Yeagle's petition for a declaration of rights.  The Franklin

Circuit Court is affirmed.


                ALL CONCUR.



    BRIEF FOR APPELLANT:              BRIEF FOR APPELLEES:

    William Yeagle #175760            Robert Chaney
    West Liberty, Kentucky            Frankfort, Kentucky