## Albright v. Ballard, Judge, et al.

(Decided May 19, 1915.)

### Appeal from Rockcastle Circuit Court.

1. Elections—Issue of Bonds for Road and Bridge Purposes—Fiscal Courts—Taxation.—Under the constitutional amendment of 1908, and the Act of 1914, passed pursuant to the amendment, authorizing the submission to the voters of a county of the question whether the fiscal court shall issue county bonds for road and bridge purposes, the election can be held on a day other than a regular election day.

2. Elections—Issue of Bonds for Road and Bridge Purposes—Petition for Election.—Under the Act of 1914, authorizing the submission to the voters of a county the question whether the fiscal court shall issue county bonds for road and bridge purposes, it is not necessary that the petition for the election should lie over from one term of the county court to another term before the court can call the election.

3. Elections—Issue of Bonds for Road and Bridge Purposes—Questions Submitted.—It is not necessary to the validity of an election held under the Act of 1914, to authorize an issuance of county bonds for road and bridge purposes, that the voters should pass upon the question as to when the proposed bonds should mature, or the rate of interest they should bear.

4. Statutes—Issue of Bonds for Road and Bridge Purposes.—The provision of the Act of 1914, authorizing the issuance of county bonds for road and bridge purposes, which exempt the proposed bonds from taxation, does not affect the validity of the bonds.

BETHURUM & LEWIS, J. W. BROWN, J. A. OWENS, C. C. WILLIAMS and W. H. KRIGER for appellant.

. E. R. GENTRY for appellee. .

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

Pursuant to an order made on January 25th, 1915, by the Rockcastle County Court, an election was held in Rockcastle County on March 27th, 1915, for the purpose of taking the sense of the legal voters of the county upon a proposition to issue bonds of the par value of $100,000.00 for the purpose of building roads and bridges. The petition to the county court was regular in every respect, and was signed by more than the required number of legal voters and freeholders of Rockcastle County. At the election, 2,230 votes were cast in favor of the bond issue, and 472 votes against it.

On April 6th, 1915, this action was filed by the appellant, Albright, who sued for himself and for the benefit of the other taxpayers of Rockcastle County, seeking to enjoin the fiscal court from issuing or selling said bonds, or any part thereof, upon the ground that they were invalid for the following reasons: (1) The election was held on March 27th, 1915, which was a day other than a regular election day; (2) the election was called after, but on the same day on which the petition was filed; (3) the voters were not given an opportunity in using the ballots furnished them in the election to pass upon the length of time the bonds were to run, or the rate of interest they were to bear; and (4) the proposed bonds were exempted from taxation by the terms of the act of 1914.

The circuit court sustained a general demurrer to the petition, and the plaintiff failing to amend his petition, it was dismissed. He appeals.

The identical four questions here raised were presented and decided adversely to the appellant's contention in the late case of Walsh, &c. v. Asher, Judge, decided March 5th, 1915, and reported in 163 Ky., 377. That case involved the validity of bonds of the par value of $250,000.00, which were voted by the taxpayers of Bell County, for road and bridge purposes, pursuant to the act of 1914; and the same objections were raised in that case as are presented in this case.

In overruling the objections in the Walsh case, *supra*, and in sustaining the validity of the bonds, we held: (1) That under the constitutional amendment of 1908 and the act of 1914, passed to carry the constitutional amendment into effect, authorizing the submission to the voters of a county the question whether the fiscal court might issue county bonds for road and bridge purposes,

the election could be held on a day other than a regular election day; (2) that under the act of 1914 it is not necessary that the petition for the election should lie over from one term of a county court to another term before the court can call the election; (3) that it is not necessary to the validity of the election that the voters should pass upon the question as to when the proposed bonds should mature, or the rate of interest they should bear, it being sufficient to follow the form of submission prescribed by the act; and (4) that the provision of the act of 1914 exempting the proposed bonds from taxation did not affect their validity.

The Walsh case, *supra,* is on all fours with the case at bar, and is conclusive of the questions here raised.

The proceedings preliminary to the issuance of the bonds in the case at bar were regular; and, the bonds when issued, will be the valid obligations of the county. In so holding, the circuit court was right.

Judgment affirmed.