## Bowman v. Fayette County, et al.

(Decided February 16, 1916.)

### Appeal from Fayette Circuit Court.

1.  Counties—Creation of Indebtedness for Roads.—The assent of two-thirds of the voters, voting at an election to be held for that purpose, which is required by section 157 of the Constitution, to authorize a county, city, town, taxing district, or other municipality to incur indebtedness in excess of the income and revenue provided for that year, is not the assent of two-thirds of the voters of the municipality, but the assent of two-thirds of those who participate in the election by voting at it.

2.  Counties—Indebtedness for Road Purposes.—The assent of a majority of those voting at an election to be held for the purpose, is sufficient to authorize a county to incur an indebtedness for road purposes, as provided by section 157a of the Constitution, and section 4307 of the Kentucky Statutes.

3.  Counties—Creation of Indebtedness—Elections.—An election held under the provisions of section 157a of the Constitution, and 4307 Kentucky Statutes, may be held upon a day other than that of a general election, and is valid.

4. Counties—Highways—Bonds—Elections.—It is not necessary, in the question submitted to the voters at an election held under the provisions of section 4307, Kentucky Statutes, to fix the time for the maturity of the bonds, other than the time fixed by the statute, which is not less than five nor more than thirty years.

J. EMBRY ALLEN for appellant.

HOGAN YANCEY and GEORGE C. WEBB for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This action was instituted in the Fayette Circuit Court by the appellant, who is a freeholder and taxpayer in Fayette county, and who sues for himself and all others of his class, against the appellees, the county judge and the members of the fiscal court of the county, for the purpose of having declared to be unauthorized the proposed action of the fiscal court, in issuing and selling $300,000.00, in value, of the bonds of Fayette county, for the purpose of building, constructing and reconstructing the public roads and bridges of the county, and to restrain the fiscal court from the proposed action. The authority relied upon by the members of the fiscal court for its proposed action is an election, which was held in the county on the 30th day of September, 1915, under the provisions of Section 4307, Kentucky Statutes, Carroll, 1915. The record discloses the following facts, which are undisputed:

On the 31st day of July, 1915, one hundred and fifty persons, each, of whom, was a legal voter and freeholder in the county, signed and presented to the county court a petition, by which they requested the county court to order an election to be held at all of the polling places in the county, upon the 30th day of September, 1915, for the purpose of taking the sense of the legal voters of the county on the proposal to create an indebtedness of the county in the sum of $300,000.00, for the purpose of building, constructing, and reconstructing the public roads and bridges in the county, and to secure which the bonds of the county were to be issued and sold; the bonds, to bear interest, not in excess of five per centum per annum, with coupons attached, which were to be payable semi-annually; to be in denominations of not less than one hundred dollars nor more than one thousand dollars; to be payable in not less than five years and not more than

thirty years; to be redeemed in not less than five years nor more than thirty years, at the pleasure of the court; and to be sold at a sum not less than their par value and accrued interest. The petition was received by the county court and filed in the office of its clerk on the day of its presentation.

On the 9th day of August, 1915, the county court made and entered an order, by which an election was ordered to be held in the county at the various polling places, on the 30th day of September, 1915, upon the proposition to create the indebtedness and to issue and to sell the bonds, in the amount and manner and with the conditions and for the purposes, in accordance with the requests of the petition. By the order of the county court, the proposition and question ordered to be submitted to the voters at the election was: "Shall the Fiscal Court of Fayette County issue bonds of the value of $300,000.00, for the purpose of building, constructing, and reconstructing public roads and bridges in said county, said bonds to bear interest not to exceed five per cent. per annum, with coupons attached, payable semi-annually, and to be in denominations of not less than one hundred dollars nor more than one thousand dollars, to run not less than five years nor more than thirty years, and to be redeemed within that time, at the pleasure of the court, and to be sold at not less than par value and accrued interest?" The sheriff was, by the order, directed to hold the election, and to advertise it and its date, as provided in section 4307, Kentucky Statutes, *supra,* and the sheriff and clerk were directed to fully comply with the requirements of all the laws pertaining to such elections. The election was held on September 30th, 1915, after having been advertised, beforehand, as required by law, and the proposition duly submitted as directed by the order of the court. No complaint is made of any irregularity or failure to comply with the law applying to such elections, in its conduct, nor any irregularity as to the returns from it. The Board of Election Commissioners, for the county, convened at the time and place provided by law, and canvassed the returns from the election and certified the result, as provided by law. While, at the time of holding the election, there were 10,414 persons residing in the county, who were qualified voters and legally entitled to vote at the election, only 3,653 of these persons participated in the election, of which number 2,483 voted in

favor of creating the indebtedness and issuing the bonds, and 1,170 voted against the issual of the bonds.

Thereafter, pursuant to the election and its result, the fiscal court, on the 6th day of January, 1916, made an order, directing that the bonds be issued and sold and the proceeds paid to the county treasurer to be used for no purposes, except the building, construction, and reconstruction of the public roads and bridges in the county, but directed that the bonds be three hundred in number, and each of the denomination of one thousand dollars, and that they be payable, both principal and interest, in not less than five years nor more than twenty years from the date of the order, at the discretion of the fiscal court, the interest to be paid, however, semi-annually.

The appellees, by their answer, plead and set out in detail the calling of the election, the orders of the county court in reference thereto; the proceedings of the sheriff and other officers in reference to the election; the acts of the Board of Election Commissioners; the return of the sheriff as to his acts in regard to the election; and filed copies of the orders of the county court, the advertisement of the election, and the proofs of the advertisement, and the orders of the fiscal court in reference to the election and the proposed issual of the bonds.

It was, also, alleged in the answer, that the assessment made in the year 1914, of the taxable property of Fayette county, for the year, 1915, was in excess of the sum of $42,000,000.00; that five per centum of the value of taxable property, in the county for the year, 1915, was $2,100,-000.00; that two per centum of the value of the taxable property, in the county for, 1915, was $840,000.00; that during the year 1915, the county had a bonded indebtedness of $225,000.00, which added to the proposed indebtedness of $300,000.00, would make a bonded indebtedness of $525,000.00, which was all the indebtedness existing or created by the county during the year 1915, except the indebtedness for the current expenses of the year, which would not exceed $225,000.00, and that the entire indebtedness, both, that which was carried in bonds, and for current expenses, and with the addition of the proposed indebtedness, was less than two per centum of the value of the taxable property in the county for that year; that a tax of twenty cents upon each one hundred dollars of the taxable property of the county, as assessed for taxation, is more than sufficient to provide a fund for the pay-

ment of the interest upon the bonds, and to provide a sinking fund for the payment of the principal of the bonds within twenty years.

The appellant interposed a general demurrer to the answer, which the court overruled, and, failing to plead further, his petition was dismissed, and the court adjudged that the election was valid, the proposed issual of the bonds was authorized, and the bonds, when sold, were valid and binding obligations of the county.

The grounds relied upon for a reversal of the judgment are three, and as follows:

First: The election did not authorize the issual of the bonds, because two-thirds of all the persons residing in the county, who were legally qualified to vote at said election, did not vote in favor of issuing the bonds.

Second: The election was held on September 30th, 1915, instead of on the day of the general election, and for that reason was invalid, and gave no authority to issue the bonds.

Third: The time for the maturity of the bonds was not fixed nor stated in the question submitted to the voters, except that they should not mature in less than five years nor after thirty years.

The grounds for reversal will be considered in their order.

Section 157, of the Constitution, provides that a county "shall not be authorized or permitted to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election held for that purpose, and any indebtedness contracted in violation of this section shall be void." Construing this provision of the Constitution, this court has, in a number of cases, held that it did not mean the assent of two-thirds of the voters of the county or municipality or taxing district, but it meant the assent of two-thirds of the voters who participated in the election by voting at it. The language of the constitutional provision is such, that it is not susceptible of any other construction. Montgomery County Court v. Trimble, 104 Ky., 629; Tipton v. Shelbyville, 32 R., 1123; Render v. Louisville, 142 Ky., 409; Board of Education, &c. v. City of Winchester, 120 Ky., 594; Fowler v. City of Oakdale, 158 Ky., 606. If the election in controversy was governed by section 157, *supra,* as it would

seem to be contended, the objection would be unavailing, as more than two-thirds of the persons who voted at the election gave their assent to the creation of the indebtedness proposed by the issual of the bonds, by voting in favor of so doing.

Section 157a, of the Constitution, which was adopted by the people in 1909, and which authorizes the counties to incur an indebtedness for public road purposes in any sum, not in excess of five per centum of the value of the taxable property in the county, and when indebtedness on that account is incurred, in accordance with the constitutional provision, *supra,* to levy a tax of twenty cents on the one hundred dollars of the assessed valuation of the property, in addition to the rate prescribed by section 157, *supra,* uses the following language in conferring the authority upon the county to incur the indebtedness:

"Provided said additional indebtedness is submitted to the voters of the county for their ratification or rejection at a special election held for such purpose, in such manner as may be provided by law."

The manner provided by the legislative authority to carry into effect the provisions of section 157a, *supra,* is section 4307, Kentucky Statutes, Carroll, 1915, and the requirements of this section seem to have been literally followed by the people and officials of Fayette county in obtaining the authority to incur the proposed indebtedness, and to issue and sell the bonds sought to be enjoined. Section 4307, *supra,* provides for the holding of an election "on some day named in said petition, not earlier than sixty days after said application is lodged with the judge of said court." It, further, provides that at said election every legal voter of the county shall be authorized to vote. It will be observed that neither the constiutional provision nor the statute, adopted to carry into effect its provisions, requires more than a majority of those voting at the election to give their assent, in order to authorize the indebtedness to be incurred.

The exact questions embraced in the two remaining grounds for reversal have been recently passed upon by this court, and decided adversely to the contention of appellant. Walsh v. Asher, 163 Ky., 379; Allbright v. Ballard, 164 Ky., 748.

It is therefore ordered that the judgment appealed from be affirmed.

All members of the court sitting.