# Elrod et al. v. Willis, Governor, et al.
# Miller v. Akin et al.

June 20, 1947.

W. B. Ardery, Judge.

Lilburn Phelps and James W. Blackburn, Jr., for appellants.

Eldon S. Dummit, Attorney General, Ben B. Fowler, Assistant Attorney General, J. J. Leary, Thomas K. Shuff, Guthrie F. Crowe, Henry J. Stites and Lilburn Phelps for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The 1946 session of the General Assembly enacted KRS 36.060 creating what is known as the Kentucky Disabled Ex-Servicemen's Board, an independent agency of the State Government with full executive powers in administering the provisions of the Act. It is provided that the Board shall be composed of the Lt. Governor, Adjutant General, and three appointed members. It is further provided that all appointments to the Board shall be made by the Governor from a list of 5 names for each position on the Board to be filled, submitted by the Commander of the American Legion, Department of Kentucky, such list to be approved by the Executive Committee of the American Legion, Department of Kentucky, and that the members of the Board shall receive no compensation for their services but shall be entitled to reimbursement for their actual and necessary traveling expenses and lodging incurred in the proper performance of their duties. Pursuant to the above section, W. E. Akin, James T. Norris, and W. S. Taylor, were appointed as members of the Board.

On July 5, 1946, appellant, Buron R. Elrod, filed his petition in Franklin Circuit Court, suing as a taxpayer and seeking a declaratory judgment defining the rights and duties of the Governor, the appointed members of the Board, and the Commissioner of Finance, and asking that the portion of KRS 36.060 which provides for nominations by American Legion officials, be declared unconstitutional.

Robert L. MacDonald, as the class representative of disabled veterans in Kentucky, filed an intervening petition alleging that he was deprived, along with other members of his class, of such needed services, due to the failure of the defendant, Clarence Miller, Commissioner of Finance, to make the payments necessary to the functioning of the Board. He further stated that he wished to be served by a Board controlled by the American Legion, Department of Kentucky, and prayed that KRS 36.060 be declared constitutional.

Judgment was entered in the Franklin Circuit Court declaring KRS 36.060 constitutional, and dismissing the petition of the plaintiff, from which an appeal was prosecuted to this court. The cause was remanded to the Franklin Circuit Court with permission to the par-

ties to amend their pleadings. See Elrod v. Willis, Governor et al., 303 Ky. 724, 198 S. W. 2d 967. After the case was remanded the plaintiff, Buron R. Elrod, filed his amended petition. The intervenor, Robert L. MacDonald, filed his amended petition. The defendants, W. E. Akin, James T. Norris, and W. S. Taylor filed their answer and cross-petition. The Veterans of Foreign Wars, Department of Kentucky, filed its intervening petition as plaintiff. Clarence Miller, Commissioner of Finance, filed his answer to the cross-petition of the defendants, W. E. Akin, James T. Norris, and W. S. Taylor, and to the original and amended petition of Robert L. MacDonald. The intervenor, Robert L. MacDonald, demurred generally to the amended petition of Elrod and to the intervening petition of Veterans of Foreign Wars. The plaintiff, Elrod, demurred generally to the amended petition of MacDonald. The court sustained the demurrers of Robert L. MacDonald to the petitions of Elrod and the Veterans of Foreign Wars of the United States, Department of Kentucky, and held KRS 36.060 entirely constitutional and directed Clarence Miller, Commissioner of Finance, to pay the expenses of the appellees, Akin, Norris, and Taylor, to which the appellants and Commissioner of Finance objected and excepted and were granted appeals to the Court of Appeals. Thus, we have two statements of appeal in this court, one by Clarence Miller, Commissioner of Finance, and the other by Buron R. Elrod and Veterans of Foreign Wars. Since these two appeals involve the same questions, they will be disposed of in one opinion.

The appellant, Clarence Miller, Commissioner of Finance, states in his brief that he has no desire to enter into the debate as to the constitutionality of the law in question. He states that the question of constitutionality of the Act has been raised and that if and when the conclusion is reached that the Act is constitutional, and the Governor's appointees are the duly chosen officials provided for by the Act, then he will have no difficulty in reaching the conclusion that he should issue the warrants against the Treasurer to reimburse these appointed members for their actual and necessary traveling expenses and lodging incurred in the proper performance of their duties. It will be noted that the intervenor, Robert L. MacDonald, joins with the defend-

ants, the appointed members of the Board, in maintaining that the Act is constitutional, and that the appellant, Buron Elrod, and the Veterans of Foreign Wars, have joined in attacking the provisions of KRS 36.060 as unconstitutional. They insist, first, that it places an unconstitutional restriction on the Governor's power of appointment, and is, therefore, violative of sections 27 and 28 of our Constitution. In support of their position they cite Sibert v. Garrett, 197 Ky. 17, 246 S. W. 455, and other cases. They rely especially on the Sibert case for an historical background of the provisions of the sections of the Constitution above, defining the separation of powers of the government into three branches, and prohibiting the exercise of powers of the one branch by either of the others or any member thereof. It is based on the premise that the purpose of section 27 of the Constitution is to prevent an absorption of the powers of one branch of government by another. In the instant case, the Legislature has not attempted to appoint administrative officers, nor has it completely denied the appointive function of the Executive. It has simply limited the Governor's selection to a list of men named by an organization which is not affected by the limitation of section 27. It merely sets in motion the machinery by which its purpose will be effected. The limitation imposed is a recognition that organizations whose objectives coincide with the objectives of the law creating the agency, may render a material service to the Governor by nominating men to staff that agency who are qualified by interest, experience, and background. The method used in the instant action follows an established custom. The members of the Game and Fish Commission are appointed by the Governor from a list submitted by the League of Kentucky Sportsmen, KRS 150.022. The Statutes Revision Commission is appointed by the Governor from a list submitted by the Board of Bar Commissioners of the Kentucky State Bar Association, KRS 447.070. See also KRS 211.040 as to appointment of the members of the Kentucky Board of Health, and other sections of the statute as to the appointment of Board of Examiners for Trained Nurses, Board of Pharmacy, and Board of Dental Examiners. This method is further established by a general law which is a part of the Reorganization Act of 1936, now

KRS 12.070, providing that in all cases where appointments are made by the Governor from lists submitted to him, he shall have the right to reject the list and call for another one. We must, therefore, reject appellants' contention in that respect.

Appellants further attack the provisions of the Act as unconstitutional because the naming of the American Legion as a nominating agency is a grant of an exclusive and separate public privilege to that organization which contravenes section 3 of the Kentucky Constitution. We find in this second attack a much more serious and bothersome question. Appellants insist that the choice of the American Legion as an organization to represent veterans is an unreasonable and arbitrary abuse of legislative discretion. They insist that the classification used in determining the nominating agency is violative of section 3 in that it grants a special privilege not enjoyed by members of the same class similarly situated. It has been written by text-writers, and held in numerous opinions of courts, that while classification is an inherent power of legislation it must not be arbitrary nor unreasonable. It has its limitations under the Constitution and judicial construction thereunder. So, where legislation makes an improper discrimination by conferring particular privileges upon a class arbitrarily selected, and there can be no reasonable or substantial ground justifying the inclusion of one and the exclusion of the other, it is called class legislation. However, it may be said that a legislative body has wide discretion, and by way of repetition, it may be said an Act will not be held invalid unless the classification is clearly unreasonable and arbitrary. It is not enough to say that the law will work a hardship. That is true of many laws. But the crucial test is the extent to which the law operates and the manner in which it applies, or the objectives sought to be attained by it. It has been held that in order to justify an interference it must appear that the interest of those generally sought to be affected by the Act, as distinguished from those of a particular class, requires such interference. What classification is reasonable rests in the discretion of the legislative body in the first instance, and in the second it is in the province of the courts to adjudicate when it should be classed as arbitrary or unreasonable. In Williams

v. Nall, etc., 108 Ky. 21, 55 S. W. 706, we held that the action of the legislature in making a particular classification will not be disturbed unless manifestly arbitrary and unjust. In Render v. City of Louisville et al., 142 Ky. 409, 134 S. W. 458, 32 L. R. A., N. S., 530, we held that the Act providing for a bipartisan hospital board required the board to be appointed from the two major political parties, and the exclusion of members of other political parties was not violative of this section.

This Act was not passed for the benefit of the Board, nor for the benefit of the American Legion, or the Veterans of Foreign Wars as such, but primarily for the purpose of preparing, presenting, and prosecuting the claims of disabled ex-servicemen and women, and their dependents with the U. S. Veterans Administration, and other Federal agencies, and further "to make certain that no disabled veteran or his dependents are neglected." It must, therefore, be kept in mind that the objectives of the Act are caring for the interests of the disabled veteran, or his dependents. The American Legion is simply an agency selected to carry out the purpose of the General Assembly, and the fact that the duty of making nominations for members of the Board was placed on the American Legion does not qualify the members of that organization to any special benefit or privilege under the law. It is true that under the provisions for membership of the three organizations, the American Legion, Disabled American Veterans, and Veterans of Foreign Wars of the United States, the eligibility is not the same. The American Legion is not all-inclusive. Neither are the other two organizations. But it may be noted that the greater per cent of, or possibly a large majority of the Disabled American Veterans and the Veterans of Foreign Wars may also be members of the American Legion, but the converse cannot be said of members of the American Legion. Since the objectives of the American Legion are in harmony with the objectives of the agency created under the Act, and since the American Legion was sufficiently inclusive to contain members of these other major veterans organizations, a fact evidenced in that one of the members selected above is a member of the Veterans of Foreign Wars, the Legislature obviously believed this organization could and would most effectually carry out the

purposes of the Act. This selection has a reasonable basis in facts. See Markendorf v. Friedman, 280 Ky. 484, 133 S. W. 2d 516, 127 A. L. R. 416.

In the Indiana case of Bullock v. Billheimer, 175 Ind. 428, 94 N. E. 763, 768, the Indiana court had before it a similar question. It was said: ''The right and power to appoint is a duty, and not a privilege, and is exercised, not for the benefit of the association or the individual member or the individuals comprising it, but the public at large. It is general in its objects and purposes.'' The same may be said in the Act here in question. It is general in its objects and purposes. It applies to all disabled veterans, and the manner of selecting the agency to carry out that Act is a manner inherent in the Legislature, and if the present Act needs correction that is a matter of legislative concern. We, therefore, conclude that the classification was not unreasonable or arbitrary.

The judgment is affirmed.