42 So.2d 56
### In re OPINION OF THE JUSTICES.
### No. 106.

Supreme Court of Alabama.
Aug. 20, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the Governor under Code 1940 Tit. 13, § 34, as to the constitutionality of the Mobile County Civil Service Act, Local Acts 1939, p. 300.

The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama
Judicial Building
Montgomery, Alabama
Gentlemen:

At the special request of certain citizens of Mobile County, I desire your opinion concerning the constitutionality of Local Act No. 470, Local Acts of Alabama 1939, page 300, and more generally known as the Mobile County Civil Service Act.

Section V of Local Act No. 470, supra, in pertinent part is as follows:

"Section V. Citizens Supervisory Committee: The initial membership of the Citizens Supervisory Committee shall consist of the qualified electors in Mobile County, who upon the passage of this Act, are respectively the president or other chief executive officer by whatever name called, of the following respective organizations, groups, and institutions now existing in Mobile County and commonly known as; (1) Chamber of Commerce of the City of Mobile, (2) Mobile County Bar Association,

(3) Mobile County Medical Association, (4) Junior Chamber of Commerce of Mobile, (5) Central Trades Council, (6) Mobile County Farmers Association, (7) Rotary Club of Mobile, (8) Kiwanis Club of Mobile, (9) Lions Club of Mobile, (10) Exchange Club of Mobile, (11) Mobile Chapter of Alabama Federation of Women's Clubs, (12) Forum Club of Mobile, (13) Pilot Club, (14) Business and Professional Womens Club together with the person who is the Judge of the District Court of the United States for the Southern District of Alabama, which includes Mobile County or the largest part thereof. If there be more than one organization or group commonly known by any of the names above mentioned, then the one hereby intended is the one of greatest age. * * *"

It, therefore, appears that under said Act that the Legislature has delegated to a Citizens Supervisory Committee the important duties of supervising the finances of the Personnel Department of Mobile County, and selecting the members of the Personnel Board. Also, under the provisions of Section V, the Citizens Supervisory Committee is to be composed of the president or other chief executive officer of certain expressly designated organizations, groups and institutions of Mobile County, to the exclusion of many of the other civic clubs and other such organizations, such as, the American Legion, Veterans of Foreign Wars, Optimists' Club, Mobile Historical Society, among several others.

The foregoing being considered, I respectfully request your opinion on the following constitutional questions:

(1). Is the Mobile County Civil Service Act, and particularly Section V of said Act violative of Section 22 of the Alabama Constitution of 1901 in that the Legislature has made an exclusive grant of special privileges?

(2). Is said Act and particularly Section V thereof, violative of Section 44 of the Alabama Constitution of 1901 in that the Legislature has therein made an unconstitutional delegation of its powers to the Citizens Supervisory Committee?

(3). Does said Act violate the equal protection and due process clause, namely, Article 14, of the Constitution of the United States?

In considering these questions, I respectfully invite your attention to:

Yeilding v. State, 232 Ala. 292, 167 So. 580; Ashmore et al. v. Greater Greenville Sewer District, decided by the Supreme Court of South Carolina on August 28, 1947, and reported in [211 S.C. 77], 44 S. E.2d 88; [173 A.L.R. 397]; the Kentucky case of Elrod et al. v. Willis et al., decided June 20, 1947 and reported in 203 Southwestern Reporter, [305 Ky. 225], 203 S.W. [2d] 18.

Respectfully submitted,
(Signed) James E. Folsom
Governor

Hon. James E. Folsom
Governor of the State of Alabama
Montgomery, Alabama
Dear Sir:

We acknowledge receipt of your inquiry of August 11th respecting certain constitutional questions in connection with local act No. 470 as set forth in Local Acts of Alabama, p. 300.

■ As pointed out by you the legislature has delegated to the Citizens Supervisory Committee the duties of supervising the finances of the Personnel Department of Mobile County and of selecting the members of the Personnel Board. The act provides that the members of the Citizens Supervisory Committee shall serve without compensation. It is certainly not the purpose of the act to confer a pecuniary benefit on the members of the Citizens Supervisory Committee. On the contrary the evident purpose of the act is to benefit the public by investing the members of the committee with certain powers and privileges for the public welfare. This is not

a monopoly or special exclusive privilege in violation of Section 22 of the Constitution of 1901. Dickinson v. Cunningham, 140 Ala. 527, 37 So. 345. Accordingly we answer your first question in the negative.

In answer to your second question we do not think that the act is violative of Section 44 of the Constitution of 1901. It is sufficient to refer to what this court said in Yeilding v. State, 232 Ala. 292, 167 So. 580, as an answer to your question. Accordingly your second question is answered in the negative.

Since under the provisions of Section 5 the Citizens Supervisory Committee is to be composed of the president or other chief executive officer of certain expressly designated organizations, groups and institutions of Mobile County, we are asked if this does not violate the equal protection and due process clauses of the Federal Constitution because there is an exclusion of other groups, institutions and civic groups of Mobile County. While classification is an inherent power of the legislature it must not be arbitrary or unreasonable. However, the legislature has wide discretion and the act will not be held invalid unless it is clearly unreasonable and arbitrary. In order to justify interference by the courts it should appear that the interests of those generally affected by the act, as distinguished from those of a particular class, require such interference. The act was not adopted for the benefit of the Citizens Supervisory Committee nor for the benefit of the groups and organizations named in section 5 of the act, but for the benefit of the general public. Under these circumstances we think the designation was within legislative discretion.—Elrod v. Willis, 305 Ky. 225, 203 S.W.2d 18; 12 Am.Jur. p. 227. Accordingly we answer your third question in the negative.

J. ED LIVINGSTON,
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
Associate Justices.