Case 74.—ACTION BY BOARD OF EDUCATION OF WIN-
CHESTER AGAINST THE CITY OF WINCHESTER TO
TEST THE VALIDITY OF A VOTE OF THE CITY INCUR-
RING AN INDEBTEDNESS FOR SCHOOL PURPOSES.—
May 30.

## Board of Education of Winchester v. City of Winchester.

Appeal from Clark Circuit Court.

JAMES M. BENTON, Circuit Judge.

Judgment for defendant.  Plaintiff appeals.    Re-
versed.

Cities—Incurring  Indebtedness—Two-thirds   Vote—Constitution-
ality—Legislative Restrictions.

1. Cities—Incurring   Indebtedness—Voting   Thereon—Two-thirds
Voting—Constitutionality—Under sec. 157 of the Constitution,
providing that "no city * * * shall be authorized or per-
mitted to become indebted in any manner, or for any pur-
pose, to an amount exceeding in any year the income and
revenue provided for such year, without the assent of two-
thirds of the voters thereof voting at an election held for
the purpose," where under an ordinance of a city of the
fifth class the proposition was submitted to the voters of said
city to incur an indebtedness of $15,000 and issue bonds there-
for, for the erection of a school building therein, more than
two-thirds of the voters voting on said proposition were cast
in favor thereof, the proposition was adopted, although the
number of votes cast in favor of such proposition was not
equal to two-thirds of all the votes cast at said election on
other questions then voted on.
2. Same—Legislative Restriction—Where the Constitution author-
izes the incurring of an indebtedness by a city, county or
taxing district by the assent of two-thirds of the voters of
such city, county or taxing district, voting thereon, the legis-
lature can not add to such constitutional restriction, and the
case of Belknap v. Louisville, 99 Ky., 474, in so far as it holds
otherwise, is overruled.

J. M. STEVENSON for appellant.

Board of Education of Winchester v. City of Winchester.

### PROPOSITIONS AND AUTHORITIES.

1. The word "election" as used in sub-sec. 34 of sec. 3490 of the Ky. Stats., refers only to the separate and distinct vote on the proposition of incurring an indebtedness, and not to the general November election.

2. The duties of the canvassing board are ministerial, and such board can ascertain the result of the "election" only "upon a canvass of the returns of such election." (Ky. Stats., sec. 3490, sub-sec. 34; Huston v. Steele, 98 Ky., 603.)

3. A two-thirds majority of those voting on the proposition to incur an indebtedness for the purpose of building additions to the school buildings in the city of Winchester is sufficient to carry the same. (Montgomery County Fiscal Court v. Trimble, 104 Ky., 629; County of Cass v. Johnson, 95 U. S., 360; St. Joseph Township v. Rogers, 16 Wall., 644; State v. Mayor of St. Louis, 37 Mo., 270; Gillispie v. Palmer, 20 Wis., 544; Walker v. Osevald, 68 Md., 146; State v. Langlie, 5 N. Dak., 594; State v. Barnes, 3 N. Dak., 319; State v. Grace, 20 Oregon, 154; Bott v. Wurts [N. J.], 40 Atl. Rep., 740; De Soto Parish v. Williams, 49 La Ann., 422.)

PENDLETON & BUSH for appellees.

### POINTS AND AUTHORITIES.

1. Where a bonded debt is to be imposed upon a municipality, all requirements of the law must be complied with, otherwise such debt is not a binding contract.

2. The proposition to issue bonds failed to carry, because it did not receive the votes of "two-thirds of all the qualified electors" in said city. (Belknap v. City of Louisville, &c., 99 Ky., 488; Resolution of Board of Education of Winchester, — Ky. Law Rep., 3; Ordinance of City of Winchester, — Ky. Law Rep., 5; sub-sec. 34, sec. 3490, Ky. Stats.; sec. 2854, Ky. Stats.; Montgomery County Fiscal Court v. Trimble, 104 Ky., 629; Louisville Ordinance [cited in Belknap case.].)

3. Sec. 157 of the Constitution is not self-operative. It is restrictive, and as the right to submit a bond issue to a vote may be denied in the absence of direct authority from the Legislature to submit, the act authorizing a submission to a vote, and the ordinance passed pursuant thereto, may provide additional restrictions. (Belknap v. City of Louisville, 99 Ky., 488; Montgomery County Fiscal Court v. Trimble, 104 Ky., 639.)

OPINION BY CHIEF JUSTICE HOBSON —Reversing.

The board of education of the city of Winchester, Ky., having by resolution requested the mayor and board of council of the city to incur a debt not exceeding $15,000 for the purpose of erecting and equipping additions to the existing school buildings, and to issue bonds therefor, the council adopted an ordinance submitting the question of incurring the debt to the people at the next regular election, which was held on November 8, 1904. At that election 633 votes were cast in favor of incurring the indebtedness, and 300 were cast against the proposition. The highest number of votes cast in the election was 1,421. It will be thus seen that more than two-thirds of the votes cast on the proposition were in favor of it, but that not two-thirds of the electors voting at the election voted for it.

Sec. 157 of the Constitution in part provides: "No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for the purpose; and any indebtedness contracted in violation of this section shall be void."

In Belknap v. Louisville, 99 Ky., 474, 18 Ky. Law Rep., 313, 36 S. W., 1118, 34 L. R. A., 256, 59 Am. St. Rep., 478, it was held—construing this provision of the Constitution—that the assent of two-thirds of the voters actually voting at the general election when the question is submitted is necessary to carry it, and not merely two-thirds of those who vote upon the question. But in Montgomery County Fiscal Court v. Trimble, 104 Ky.,629, 20 Ky. Law Rep., 827, 47 S. W., 773, 42 L. R. A., 738, this case was overruled, and it was held

that the assent of two-thirds of the electors voting on
the subject is sufficient to carry the proposition, without
out regard to the number of votes cast for other pur-
poses at the election.    In the Belknap case it was also
held that additional restrictions might be imposed,
and that, aside from sec. 157 of the Constitution, the
statute under which the question was submitted might
require the assent of more than two-thirds of the elec-
tors voting at the election, and not merely of those
voting on the question.    In that case it was further
held that the statute then before the court required the
assent of more than two-thirds of all the electors vot-
ing at the election.    This part of the opinion was not
overruled in the Trimble case, as the statute there
only required the assent of more than two-thirds of
those voting on the subject.    It is insisted for the ap-
pellee that the statute and ordinance under which the
vote here in contest was taken are substantially the
same as in the Belknap case, and that, therefore, the
rule there announced applies.    The circuit court so
held, and the board of education appeals.

Every provision of the Constitution is mandatory.
When it is provided that, indebtedness to a certain
amount shall not be incurred without the assent of
two-thirds of the electors voting at an election to be
held for that purpose, it necessarily follows from the
constitutional provision that such  an  indebtedness
may be incurred with the assent of two-thirds of the
voters.    The Legislature can neither subtract from
nor add to the constitutional requirement.    The con-
stitutional provision regulates the subject, and re-
moves it entirely from legislative control.

In Cooley on Constitutional Limitations, side page
64, it is said: "Another rule of construction is that,
when the Constitution defines the circumstances
under which a right may be exercised or a penalty im-

posed, the specification is an implied prohibition against legislative interference to add to the condition, or to extend the penalty to other cases. On this ground it has been held by the Supreme Court of Maryland that, where the Constitution defines the qualifications of an officer, it is not in the power of the Legislature to change or superadd to them, unless the power to do so is expressly or by necessary implication conferred by the Constitution itself. Other cases recognizing the same principle are referred to in the note.''

Again, on side page 79, it is said: ''We are not, therefore, to expect to find in a Constitution provisions which the people, in adopting it, have not regarded as of high importance, and worthy to be embraced in an instrument which for a time, at least, is to control alike the government and the governed, and to form a standard by which is to be measured the power which can be exercised as well by the delegate as by the sovereign people themselves. If directions are given respecting the times or modes of proceeding in which a power should be exercised, there is at least a strong presumption that the people designed it should be exercised in that time and mode only; and we impute to the people a want of due appreciation of the purpose and proper province of such an instrument when we infer that such directions are given to any other end—especially when, as has already been said, it is but fair to presume that the people in their Constitution have expressed themselves in careful and measured terms, corresponding with the immense importance of the powers delegated, and with a view to leave as little as possible to implication.'' The statute relied on is sub-sec. 34 of sec. 3490, which provides that the debt may be created ''if, upon a canvass of the votes cast at such election, it appears that two-thirds

of all the qualified voters in such town shall have voted in favor of incurring such indebtedness." The usual construction of such statutes, where no means are provided to ascertain the number of votes in the municipality, is that it refers to the votes cast on the question. (State v. Langlie, 5 N. D., 594, 67 N. W., 958, 32 L. R. A., 723; County of Cass v. Johnston, 95 U. S., 360, 24 L. Ed., 416; St. Joseph's Township v. Rogers, 16 Wall., 644, 21 L. Ed., 328.) The rule is, also, that a statute will, if possible, be construed to be constitutional, rather than the contrary. But however this may be, we are of opinion that the Legislature can add nothing to the constitutional restriction, and the Belknap case, in so for as it holds otherwise, is overruled.

Judgment reversed and cause remanded for further proceedings consistent herewith.