## Logan, etc. v. Gilbert, Judge, etc.

(Decided January 22, 1913.)

### Appeal from Shelby Circuit Court.

Constitutional Law—Issue of Bonds for the Building of Court House—Submission of Question—Notice—Order of Fiscal Court for Execution and Sale of Bonds—Validity of Election—Creation of New Indebtedness.—Where the question of a bond issue for the building of a new court house was submitted, to-wit: "Are you in favor of an appropriation of $75,000.00 for the building of a new court house in Shelbyville, Shelby County, Kentucky," and at the election two-thirds of those voting on the proposition voted in favor of it, and there was a literal compliance with the provisions of the statutes, it must be assumed that the voters of Shelby County knew that they had not on hand in their treasury as much as $75,000.00, to be used for the erection of a court house, and that they, therefore, understood that they were in fact voting to create a new indebtedness. The submission, therefore, in the form presented will be treated as sufficient to meet the requirements of section 157 of the Constitution, although it would have been much plainer and a more satisfactory compliance with the Constitutional provision if submitted in such form as to indicate more clearly to the voters that they were voting upon a question of creating a new indebtedness.

P. J. BEARD, for appellant.

GEORGE L. PICKETT, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellants, tax payers and citizens of Shelby county, instituted this action against appellees who are members of the fiscal court of that county and the county clerk thereof, alleging that the defendants were threatening to issue bonds of Shelby county to the amount of seventy-five thousand ($75,000.00) dollars, and would

do so unless restrained or enjoined, and that the indebtedness about to be created by them and the interest thereon would exceed the income and revenue for said county for the year 1912, and prayed that they be enjoined from issuing said bonds.

By their answer the defendants allege that it is true they are about to issue the bonds as set forth in the petition and that said indebtedness and its interest would exceed the revenue provided for the said county for the year 1912. They further allege that at the regular term of the Shelby county fiscal court held on March 13, 1912, said court entered an order that it was necessary for the public convenience and the preservation of the public records that a new court house be built in Shelbyville, Shelby county, Kentucky, and suggesting an appropriation of seventy-five thousand ($75,000) dollars for that purpose, and ordering an election to be held to take the sense of the voters on that question at the next regular election in November, 1912; and directing the sheriff of that county to advertise said election and the object thereof for at least thirty (30) days next before the date thereof in three (3) newspapers in that county; and that said notice was published in said three (3) newspapers for at least thirty (30) days preceding the election, said newspapers having the largest circulation in that county, the notice thereof being signed by the sheriff, and that said election in accordance with said notice was held at the regular election held on the 5th day of November, 1912, and that said question was submitted to the people printed upon the ballots in the following form, to-wit:

"Are you in favor of an appropriation of Seventy-five Thousand ($75,000.00) Dollars for the building of a new court house in Shelbyville, Shelby County, Kentucky."

That at the said election so held, Seventeen Hundred and Forty-eight (1748) legal voters of Shelby County voted in favor thereof, and Eight Hunderd and Twenty-three (823) legal voters voted against the same, and that the election commissioners' certificate to that effect was duly filed in the Shelby County Court. That thereafter on ——— day of December, 1912 at a called meeting of the Fiscal Court, the court made and entered an order by unanimous vote of the members thereof, for the execution, sale and delivery of bonds of Shelby County in the sum of Seventy-five Thousand

($75,000.00) Dollars in order to provide for the erection of said court house. The appellants demurred to the answer and the court overruled same, and appellants declining to plead further, their petition was dismissed, and it was adjudged that the election was valid, and that all necessary steps to its validity had been taken and all provisions of the law complied with necessary to the creation of the Seventy-five Thousand ($75,000.00) Dollars indebtedness. From that judgment this appeal is prosecuted.

We have not been favored with an extended brief by either side, the parties having contented themselves by filing a joint statement signed by the attorneys of each side to the effect that they had endeavored to meet in these proceedings all requirements of the law so as to make the bond issue valid; but we have carefully examined all the provisions of the statutes as well as the constitutional provisions, and find that they have all been sufficiently complied with. The only two questions which could possibly be made are:

First—Was the necessary number of votes received to carry the proposition by a two-thirds vote as is required by section 157 of the constitution?

Second—Was the question submitted to the voters in such form as to meet the constitutional requirements?

1. It is alleged in the answer of the defendants that more than two-thirds of the electors voting on the subject of an appropriation for the building of a new court house voted in favor thereof, but it is not alleged that two-thirds of the electors of the county voted in favor thereof, or that more than two-thirds of all the voters who voted at that election voted in favor thereof. But whether this is a sufficient compliance with the provisions of section 157 is no longer an open question in this State, it having been held by this Court in Montgomery County Fiscal Court v. Trimble, 104 Ky., 629, that it was sufficient under the provisions of that section, if more than two-thirds of the electors voting on the question submitted voted for it; and that it was not necessary that two-thirds of the whole number of voters of the county, or even two-thirds of these voting at that election, on other questions should vote affirmatively; and that opinion has been followed since in the case of the Board of Education v. City of Winchester, 120 Ky., 591.

2. Section 157 of the constitution provides among other things:

"No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void."

Section 1880 of the Kentucky Statutes which is a part of the chapter providing for the issual of bonds for the erection and repair of public buildings, and providing the manner in which such questions may be submitted, is in part as follows, to-wit:

"That before the bonds authorized by the first section hereof shall issue, said court shall, by order entered of record, suggest an appropriation, and designate specifically the object, purpose and amount thereof, and shall also order an election to be held, and direct a poll to be opened at the several precincts in the county on the day of the next general election to be held in the county which does not occur within less than sixty days after the above orders are made, at which election the appropriation suggested by the court, as directed above, shall be submitted to the legal voters of the county for their approval or rejection."

The question might well be raised that the form in which the submission to the voters was had in this case was not a sufficient compliance with the constitutional provision, as it merely submitted to them whether they should make an appropriation, and in no way suggested the creating of a new indebtedness. But as there has been a literal compliance with the provisions of the statutes, and as we must assume that the voters of Shelby County knew that they had not on hand in their Treasury as much as Seventy-five Thousand ($75,-000.00) Dollars to be used for the erection of a court house, and therefore understood that they were in fact voting to create a new indebtedness, the submission in the form here presented will be treated as sufficient, especially in view of the opinion of this court in the case of Whaley, &c., v. Commonwealth, 110 Ky., 154. That was a case in which the voters of Nicholas County held an election under the provisions of the "Free Turn-pike

Act.'' The question was raised in that case as to the form in which the question was submitted and the court said:

''If the proposition submitted to the voter and printed on the ballot had been, 'Are you in favor of free turnpikes, and of incurring for the county such debt as may be legally necessary to pay for the turnpikes now owned and operated in the county by private owners?' and if the majority voting in the affirmative had been as shown by this record, no one would have questioned that the result was a fulfillment of the constitutional requirement. The questions submitted, 'Are you in favor of free turnpikes and gravel roads?' involved fairly and fully the question of necessary indebtedness to pay for them. No other means were possibly available, save the creation of a present indebtedness to be met by future taxation. The court must indulge the presumption that the voters of Nicholas County both knew and intended the construction herein given the proposition. To deny it is to question in the first place their common understanding, as not knowing the necessary legal results of their action; and in the next place it would be to question their honesty or fair purpose to pay for the roads they were voting to acquire, and which by their votes they were authorizing and directing their fiscal representatives to acquire for their use and in their name.''

But we are constrained to say that in the submission of such questions, it would be a much plainer and more satisfactory compliance with the constitutional provision if submitted in such form as to indicate more clearly to the voters that they were voting upon a question of creating a new indebtedness.

Judgment affirmed.