## Bird v. Wilson, et al.

(Decided October 31, 1916.

### Appeal from Bell Circuit Court.

1. Counties—Indebtedness for Road Purposes—Constitutional Law.— A county may incur, under section 157a of the constitution, an indebtedness for road purposes to the extent of five per cent. of the assessed value of its property, provided the same can be paid with the twenty-cent tax authorized by that section, and this may be done as an additional indebtedness to that which may be created under the provisions of sections 157 and 158 of the constitution.

2. Counties—Indebtedness for Road Purposes.—Under the provisions of sections 157 and 158 of the constitution a debt may be created by a vote of the taxpayers of the county for road purposes, provided, however, that such indebtedness, together with other outstanding indebtedness previously created under said sections, does not exceed in the aggregate the sum of two per centum of the taxable property in the county, and the indebtedness authorized and allowed to be created under the provisions of section 157a of the constitution is in addition to that which may be created under the other two sections mentioned.

WILLIAM LOW for plaintiff.

C. I. DAWSON for defendants.

OPINION OF THE COURT BY JUDGE THOMAS—Dissolving the injunction granted by the trial court.

This proceeding was instituted in the Bell Circuit Court by the plaintiff, a citizen and taxpayer of Bell County, to enjoin the holding of an election on November 7, 1916, which had been duly and regularly called by the county court of that county, as provided by law, for the purpose of taking the sense of the voters of the county as to whether it should be authorized to issue bonds of the county for public road purposes to the amount of $105,000.00. A demurrer was filed to the petition which set out all material facts, which was sustained, and upon

hearing of the motion the court granted the temporary injunction and restrained the holding of the election; a motion has been made before me, a member of the Court of Appeals, to dissolve that injunction.

The facts alleged in the petition and admitted by the demurrer are that the taxable property in the county, as shown by the second preceding assessment before the time for the holding of the election, is $9,000,000.00, and that for the assessment immediately preceding the election it is slightly above that sum. It is also shown that there has been heretofore voted for road purposes by the citizens of Bell County, under the authority given by section 157a of the constitution, as construed and interpreted in the case of Bird v. Asher, County Judge, 170 Ky. 726, the sum of $250,000.00, for which bonds had been issued, and this exhausts the authority to create indebtedness for such purposes as given by that section as so interpreted.

It is alleged and admitted that the proposed debt of $105,000.00, together with other outstanding indebtedness of the county, not including any created under section 157a, will be less than two per cent. of the taxable property of the county, which is the limitation placed upon the power to create debts under section 157 by the provisions of section 158. It also appears that the indebtedness proposed to be voted, together with the outstanding indebtedness of the county, plus the $250,000.00 created under section 157a, will aggregate a sum less than five per cent. of the taxable property of the county, but more than two per cent. thereof. So the question is, does section 158, limiting the indebtedness of the county to two per cent. of the taxable property, apply to both sections 157 and 157a, or is it confined to such indebtedness as may be created under section 157? Section 157, besides fixing the maximum rate of taxation for counties at fifty cents on the hundred dollars' worth of taxable property, forbids the incurring of future obligations by the county in any year for amounts exceeding the revenue provided for that year, unless the incurring of such indebtedness receives the assent of two-thirds of the voters of the county voting at an election held for that purpose, which election, as has been frequently determined by this court, must be held on a regular election day. Board of Education v. City of Winchester, 120 Ky. 591; Montgomery County Fiscal Court v. Trimble, 104 Ky. 626, and many other cases.

Section 158 of the constitution provides that such future indebtedness in excess of the revenue provided for the year in which it is created shall not exceed a sum in the aggregate equal to two per centum of the taxable property in the county as of "the assessment next before the last assessment previous to the incurring of the indebtedness." The purposes for which such indebtedness may be incurred, under the provisions of the two sections mentioned (157 and 158), are not confined to any particular class of obligations other than they shall be public ones. Constructing and repairing public roads in the county is a public necessity, and indebtedness incurred therefor is manifestly incurred for a public purpose. We conclude, therefore, that it is competent for the voters of the county, at an election held for that purpose, to create an indebtedness of the county under these two sections of the constitution, for the purpose of constructing and repairing public roads. There is nothing in section 157a militating against this, or to indicate that such road funds be voted exclusively under the provisions thereof. On the contrary, the very language of that section recognizes the authority to create debts for road purposes under the provisions of the other two sections when it is said therein that the tax provided by it may be levied "in addition to the tax rate allowed under section 157 of the constitution of Kentucky." If the fund for road purposes could not be voted or provided for, except under the authority of section 157a, there would be no such funds produced under the authority of section 157 to which that produced under section 157a could be added. Section 157a became a part of the constitution in 1909, and was adopted long after the adoption of the constitution. Up to that time a county could not become indebted for any purpose, or in any manner, in a sum exceeding two per cent. of the taxable property of the county as provided by section 158. This, of course, included indebtedness for road purposes, as well as all other public purposes. A spirit of improvement seized the people of the State, and it was thought that more funds were needed for constructing and improving public roads than could be provided by the constitution as it then stood. This resulted in the adoption of section 157a, which applies exclusively to the voting of taxes for road purposes, and instead of limiting the amount of the indebtedness of the county to two per centum of the tax-

able property therein, increased the maximum amount of the indebtedness which it might incur by vote of its taxpayers for road purposes to five per centum of the taxable property in the county.

It is not necessary to, and we do not determine on this motion whether the entire maximum amount of indebtedness of five per centum of the taxable property, as provided therein, may be in addition to the two per centum provided by section 158, as under the facts appearing here the total indebtedness of the county, including that which is proposed to be voted, does not reach the maximum rate provided in section 157a. Under the facts here the proposed indebtedness to be voted, together with all other outstanding indebtedness, excluding that heretofore voted under section 157a, is less than the two per centum limitations provided by section 158, and as the $250,000.00 was produced under the provisions of section 157a, and the addition of it to the other indebtedness does not exceed the maximum limitation proscribed in section 157a, it may be considered to be "in addition" to that which may be provided under sections 157 and 158. In other words, we mean to say that the two per centum limitation prescribed by section 158 of the constitution is not applicable to the creation of debts for public road purposes when voted under the provisions of section 157a, and that such indebtedness as may be voted under the latter section may be in addition to that which may be voted under the provisions of the other two sections discussed. As the proposed creation of the debt involved here does not violate any of the provisions of the constitution as herein interpreted, it follows that there is no legal obstacle in the way of holding the election for that purpose, and the demurrer to the petition should have been sustained and the motion for the injunction overruled by the circuit judge before whom it was heard. This not having been done, the motion to dissolve the injunction made before me must be and it is sustained, and the injunction dissolved.

This motion was heard by all members of the court, who concur in this opinion.