## Rockcastle County v. Louisville & Nashville Railroad Company.

(Decided December 17, 1929.)

(As Modified, on Denial of Rehearing, February 14, 1930.)

440

J. J. FELTON and H. H. DENTON for appellant.

C. C. WILLIAMS, SIDNEY SMITH and J. H. McCHORD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Rockcastle county sued the Louisville & Nashville Railroad Company to recover a tax based upon a special levy of 20 cents on each $100 of taxable property of the county for the benefit of the roads and bridges. It was alleged that a special election had been held on April 24, 1926, at which there was submitted to the voters the question of whether they were in favor of the levy of 20 cents on each $100 of taxable property for roads and bridges, which carried by a two-thirds majority. The circuit court sustained a demurrer to the petition as amended, and, when the county declined to plead further, the action was dismissed. The county has prosecuted the present appeal.

It is conceded that the special levy was not made under section 157a of the Constitution, or section 4307b-1 of the Kentucky Statutes. Since there had been a vote of the people on a bond issue for roads and bridges under section 157a of the Constitution, and a levy of 20 cents on each $100 of taxables was still in effect on the unpaid part of that bond issue, the county was not authorized to make the additional levy under either of those provisions. Collier v. Bourbon Fiscal Court, 188 Ky. 491, 223 S. W. 149; Mitchell v. Knox County Fiscal Court, 165 Ky. 543, 177 S. W. 279; Smith v. Livingston County, 195 Ky. 382, 242 S. W. 612. But the appellant insists that the election was held under section 157 of the Constitution to pay for right of ways for state highways through the county and argues that it was authorized to do so by that section of the Constitution without any enabling statutory authority. O'Mahoney v. Bullock, 97 Ky. 774, 31 S. W. 878, 17 Ky. Law Rep. 523, Hughes v. Eison, 190 Ky. 661,

228 S. W. 676. Section 157 of the Constitution limits the levy for counties to 50 cents on each $100 of taxable property, and further provides: "No county, . . . shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose."

It may be assumed, without so deciding, that the fiscal court could submit to the voters the question whether an indebtedness should be incurred for the purpose of paying for right of ways for state highways through the county and at the same time whether a levy should be made to provide for payment of the bonds and the interest thereon. Compare Bird v. Wilson, 171 Ky. 807, 188 S. W. 899; Hughes v. Eison, 190 Ky. 661, 228 S. W. 676. But that is not the question presented in this case. It was assumed that there was an indebtedness which required the special levy, and the propriety of the special levy alone was submitted to the voters. The question of incurring the indebtedness was not submitted to them. Hughes v. Eison, 190 Ky. 661, 228 S. W. 676; Smith v. Livingston County, 195 Ky. 382, 242 S. W. 612.

Furthermore, all elections under section 157 of the Constitution must be held on the day of the regular election (City of Murray v. Irvan, 170 Ky. 290, 185 S. W. 859), and the election in the case at bar was not so held. The argument is advanced that section 157a of the Constitution permits an election for road purposes under section 157 of that instrument to be held on a day other than the regular election, but the decision of this court in Bird v. Wilson, 171 Ky. 807, 188 S. W. 899, was to the contrary. The statutes impose upon the county the duty of acquiring right of ways for the public roads. But the proceedings in this case were not appropriate for obtaining the consent of the voters to incur an indebtedness for that purpose. It is apparent, therefore, that the special levy made by virtue of the special election may not be sustained under section 157 of the Constitution.

Many other questions are argued, but, in view of the conclusion announced, it is not necessary to deal with them.

The judgment is affirmed.