## Defoe v. Perry County et al.

March 5, 1943.

Henry E. McElwain, Simeon S. Willis and Bailey P. Wootton for appellant.

Ernest Woodward, M. K. Eblen and D. B. Wooton for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This case was instituted by the holder of a substantial amount of road and bridge bonds of Perry County for a declaration of rights as to whether the Fiscal Court of that county is obliged or is obligated to appropriate a sufficient sum from the proceeds of its general tax levy of 50 cents on the $100 of valuation, authorized by Section 157 of the Constitution, to meet deficits of the sinking funds established by the levy of 20 cents, authorized by Section 157a, for the purpose of satisfying road and bridge bonds issued pursuant thereto. The plaintiff

pleaded such duty on the part of the county, asked appropriate injunctive processes, and for a judgment on past due interest coupons. It appears he has heretofore obtained judgment in the United States Court for the Eastern District of Kentucky for the matured and unpaid bonds and accrued interest prior to January 1, 1939. The circuit court's declaration was adverse to the plaintiff, but it rendered judgment for his interest coupons accrued since his judgment in the federal court. The case was tried upon the admitted allegations of the petition and a further stipulation of facts.

The record quite fully discloses the current revenue and budgeted expenses of the county, and shows that the yield of the special tax of 20 cents is not sufficient to pay the road and bridge bonds at maturity because of a large decrease in the tax assessment since the bonds were issued. It is shown that there remained unpaid as of June 30, 1941, (1) $7,700 of road and bridge bonds issued November 20, 1916 (originally $15,500); (2) $289,-000 issued January 1, 1923 (originally $400,000); (3) $95,000 issued June 1, 1925 (originally $100,000); and (4) $50,000 issued January 1, 1928 (originally $50,000). The amount in the sinking funds for all these bonds was $83,129.44, while the amount of matured principal and interest was $140,250. There are also unpaid $25,600 of refunding bonds, some part of which seem to be for original road and bridge bonds, and $25,000 of warrants or floating debt. The record does not contain an exhibition of the various orders of the Fiscal Court pursuant to which the road and bridge bonds were either voted or issued. There is copied in the petition an extract from an order of November 20, 1922, alleged to have authorized the sale of the $400,000 issue on January 1, 1923, which extract shows that the Fiscal Court levied or undertook to levy for each subsequent year a sufficient tax (without reference to the 20-cent special rate or any other) to satisfy the bonds, including an added provision that, "should the tax levy above provided for be not sufficient to pay the principal and interest of these bonds, there shall be appropriated out of the $0.50 tax levy for general purposes an amount sufficient to make up the amount necessary to pay said principal and interest at maturity."

The fourth issue of January 1, 1928, was under a second referendum election authorizing $500,000 addi-

tional road and bridge bonds. As to that, the extract in the petition from the order of the Fiscal Court shows that it made the levy of "an annual tax of such portion of the county tax in the amount of 20 cents on the $100 of the assessed valuation * * * necessary to produce amounts sufficient to pay said interest and principal as same become due." It also contains a paragraph providing for the advancement from the general funds of a sufficient sum to pay the principal and interest at maturity pending collection of the special levy, reimbursement to be made when those collections should be in hand. The record is silent as to the orders of the Fiscal Court relating to the first and third issues.

The court has construed Sections 157 and 158 of the Constitution, relating to the general tax rate and indebtedness of the counties, and Section 157a, relating to the special levy of 20 cents and limitation of indebtedness for roads and bridges, to be complementary for some purposes or in some cases and to be independent for other purposes or conditions. It has been held that road and bridge bonds could be issued under the general provisions of the Constitution and cognate statutes and satisfied out of the general 50 cent levy authorized by Section 157 of the Constitution, or issued and satisfied under the provisions of Section 157a, particularly relating to roads and bridges. Mitchell v. Knox County, Fiscal Court, 165 Ky. 543, 177 S. W. 279; Houston v. Boltz, 169 Ky. 640, o. p. 648, 185 S. W. 76; Bird v. Wilson, 171 Ky. 807, 188 S. W. 899. However, there are some material qualifications. See Rockcastle County v. Louisville & N. R. Co., 232 Ky. 439, 23 S. W. (2d) 276. Without indicating any prejudgment of the questions, it may be said that some of the bonds may have been issued in whole or in part under the terms of Section 157 of the Constitution, or that the fiscal court legally pledged or appropriated part of the 50-cent levy to the sinking funds so that its action became a part of the contracts. It is shown the two referenda were held on regular November election days, required by Section 157, rather than on special days, as is permitted by Section 157a. For these reasons we deem it important before deciding the case that there should be a full disclosure of the proceedings of the Fiscal Court in relation to these several bond issues. This should be with respect to the submission to the vote of the people for authority and to the issuance of the bonds, as

490

well as the several orders levying the taxes for their liquidation. It may be important also that the financial condition of the county at the time of their respective issuance should be disclosed, especially as to the assessment valuations and the outstanding indebtedness.

It appears, therefore, that further pleadings and disclosure of facts are necessary to a final and correct decision of the questions involved. Where that is the situation, the Declaratory Judgment Act provides that the court shall remand the case for further proceedings. Section 639a—6, Civil Code of of Practice; Rothier v. Stewart Kidd Company, 260 Ky. 659, 86 S. W. (2d) 667.

Accordingly, the judgment is reversed and the cause remanded with directions to permit the parties to amend and supplement the record and take such other consistent steps as they may desire. Upon such additional record, the chancellor may declare the rights of the parties and render judgment as he may deem proper.

Whole Court sitting.